**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DORY A. MARTIN, | : | |
| Plaintiff, | : | No. 1:25-CV-02044-JKM |
| v. | : | |
| BOROUGH OF STEELTON; WILLIAM SHAUB, CHIEF, BOROUGH OF STEELTON POLICE DEPARTMENT; CIERA DENT, MAYOR, BOROUGH OF STEELTON, | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, Borough of Steelton, Chief William Shaub, Mayor Ciera Dent (collectively "Defendants")[1], by and through its counsel, Siana Law, LLP hereby answers Plaintiff's Complaint and sets forth Affirmative Defenses as follows:

**PARTIES**

1. Admitted in part; denied in part. It is admitted only that Plaintiff Dory A. Martin is an adult female. Defendants lack knowledge or information sufficient

[1] Defendants, Borough of Steelton Council, and individual Council members, Brian Proctor, Michael A. Segina, Denee House, Natashia Woods, William Jones, Willie Slade, and Keontary R. Hodge were dismissed from this Action pursuant to the Court's July 21, 2026, Order. (ECF No. 30).

to form a belief about the truth of the remaining allegations in this paragraph; they are therefore denied.

2. Admitted.

3. Admitted.

4-5. Admitted.

6. Admitted in part and denied in part. It is admitted that Ms. House is an elected member of Borough Council with her principal place of business at 123. N. Main Street, Steelton, Dauphin County, PA 17113. It is denied that her name is Denee House. By way of further answer, her proper name is Ms. Denae House.

7-10 Admitted. ,

11. Admitted.

12. Admitted.

13. Admitted.

**JURISDICTION**

14. Admitted in part; denied in part. Admitted only to Jurisdiction. Defendants deny the merits of Plaintiff's claims.

15. Admitted in part; denied in part. Admitted only that Plaintiff purports to state the relief being requested, and the basis for the jurisdiction. Defendants deny the merits of Plaintiff's claims.

16. Admitted in part; denied in part. Admitted only to supplemental

jurisdiction. Defendants deny the merits of Plaintiff's state-law claims.

17. Admitted in part; denied in part. It is admitted only that Ms. Martin filed a complaint against Defendants with the Pennsylvania Human Relations Commission at PHRC Case No. 202201409, which was dual filed with the Equal Employment Opportunity Commission ("EEOC") at Charge No. 17F-2023-60337. The remaining allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the remaining allegations of this paragraph are denied.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; they are therefore denied.

19. Admitted.

## <u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>

20. Admitted in part; denied in part. It is admitted that on or about June 1, 2025, Ms. Martin was hired as a full-time patrol officer by the Borough. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; they are therefore denied.

21. Admitted in part; denied in part. Defendants admit that Ms. Martin is female and, therefore, is a member of a protected class based on sex/gender. Defendants further state that Ms. Martin sustained an injury on June 20, 2022, but deny as conclusion of law that she was disabled within the meaning of the Americans

of Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended ("ADA"); and/or the state law counterpart, Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA").

22. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied.

23 (a) – (e). The allegations of this paragraph, including its subparts, comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph, including its subparts, contains further averments of fact that require an answer, the averments are denied.

24. Admitted in part; denied in part. It is admitted that on June 20, 2022, Ms. Martin was qualifying with her pistol on the gun range for yearly qualifications, and it was during the course and scope of her employment. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; they are therefore denied.

25. Admitted in part; denied in part. It is admitted only that on June 20, 2022, Ms. Martin was attacked by the Steelton Police's K-9 (Beny). Any characterization regarding the incident is denied.

26. Admitted.

27. Admitted in part; denied in part. It is admitted only that K-9 Beny attacked and bit Ms. Martin. The remaining allegations and characterizations of this paragraph are denied. By way of further response, at the time of the incident, canine officers were not required to be muzzled, on a lead, and/or fitted with an electrical collar when out of the car for exercise, training, or a call for service.

28. Denied.

29. Admitted in part; denied in part. Admitted that Ms. Martin sustained puncture wound(s), laceration(s), abrasion(s), and/or contusion(s) on her left harm as a result of a K-9 bite. Any further characterization of this incident is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of Ms. Martin's alleged subjective feelings resulting from the incident; they are therefore denied.

30. Denied. After reasonable investigation, Defendants deny that Plaintiff suffers from PTSD or any of the alleged symptoms as a result of the incident with Beny.

31. Admitted in part; denied in part. It is admitted only that Ms. Martin received medical treatment after the K-9 attack. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; they are therefore denied.

32. Admitted with qualifications. By way of further response, after the K-

9 attack, Ms. Martin provided a doctor's note dated June 20, 2022, excusing her from work on June 21, 2022. Ms. Martin also provided a doctor's note dated July 7, 2022, providing that she should not have any contact with the K-9 dog she was attacked by (Beny) or the dog handler in charge of that specific dog (Officer Scott Schaeffer). Her leave on June 21, 2022 was approved by the Borough's Interim Chief of Police, William Shaub ("Chief Shaub").

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; they are therefore denied.

34. Admitted in part; denied in part. It is admitted only that Ms. Martin's medical provider restricted her contact with Beny or Officer Scott Schaeffer ("Schaeffer"). As to the assertion that the restriction was based on Ms. Martin's alleged panic attack, Defendants lack knowledge or information sufficient to form a belief about the truth as to the assertion that the restriction was related to any ongoing panic attacks. This assertion is, therefore, denied. By way of further response, Defendants also received a second doctor's note dated July 7, 2022 indicating that Ms. Martin was released to return to work with no restrictions on July 7, 2022, other than the aforementioned restriction of no contact with Beny and Officer Schaeffer.

35. Denied.

36. Admitted in part; denied in part. It is admitted only that Ms. Martin met with Interim Chief Shaub a few days after providing him with the July 7, 2022,

doctor's note. The remaining allegations and characterizations in this paragraph are denied.

37. Denied. It is denied that Ms. Martin had been denied ongoing job accommodation requested. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; they are therefore denied.

38. Admitted.

39. Admitted.

40. Admitted.

41. Denied.

42. Admitted. By way of further response. Ms. Martin had posted a video on Tik-Tok making sexually suggestive comments about being a female officer while wearing her Department badge and gun, which were identified in the video. This was a second violation of Department Policy.

43. Admitted.

44. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

45. The referenced August 19, 2022, letter is a document that speaks for

itself; any further characterization regarding this document is denied.

46. The referenced August 19, 2022, letter is a document that speaks for itself; any further characterization regarding this document is denied.

47. Admitted in part; denied in part. It is admitted that the referenced letter imposed an eight (8)-day suspension for a second violation of the Department's Social Media Policy. The remaining allegations and characterizations in this Paragraph are denied.

48. Admitted. By way of further response, Ms. Martin was not scheduled to work on August 20 or 21, 2022. As indicated in an August 22, 2022 doctor's note, she was cleared to return to work with no restrictions on August 30, 2022.

49. Denied.

50. Denied.

51. Admitted in part; denied in part. The existence of the referenced August 22, 2022 letter is admitted and is a document that speaks for itself; any further characterization regarding this document is denied.

52. Admitted in part; denied in part. It is admitted only that Ms. Martin attempted to rescind her August 18, 2022 resignation. The remaining allegations and characterizations in this Paragraph are denied.

53.-55. Admitted in part; denied in part. The existence of the referenced August 28, 2022, email is admitted and is a document that speaks for itself;

any further characterization regarding this document is denied.

56. Admitted in part; denied in part. It is admitted that the referenced August 30, 2022, letter gave Ms. Martin notice that the Borough would not accept the rescission of her resignation, and that the Borough has already accepted her resignation. Any further characterization regarding this document is denied. Defendants lack knowledge or information sufficient to form a belief as to the matter in which the letter was delivered; therefore, the averment concerning the manner of the delivery is denied.

57. Admitted in part; denied in part. It is admitted only that Ms. Martin was denied her request for Heart and Lung benefits. The remaining allegations and characterizations in this Paragraph are denied.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; they are therefore denied.

59. The referenced September 20, 2022, letter is a document that speaks for itself; any further characterization regarding this document is denied.

60. Denied.

61. Admitted.

62. Admitted in part; denied in part. The existence of the referenced August 30, 2022, letter is admitted and is a document that speaks for itself; any further characterization regarding this document is denied.

63. Denied. By way of further response, the August 22, 2022, doctor's note indicates Ms. Martin was cleared to return to work with no restrictions on August 30, 2022.

64. Admitted.

65. Denied.

66. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

67. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

68. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

69. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments

of fact that require an answer, the averments are denied.

70. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied.

71. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

72. Admitted in part; denied in part. It is admitted that Ms. Martin was denied Heart and Lung benefits by letter dated August 30, 2022 (ECF No. 1-6, Exhibit P-5). It is denied that Ms. Martin had disabilities that entitled her to the Heart and Lung benefits. It is further denied that Ms. Martin was forced to use her sick time from September 20 to October 4, 2022. By way of further response, Mr. Martin was expected to return her scheduled shift on September 20, 2022 (ECF No. 1-6, Exhibit P-5, at 3). However, on September 19, 2022, Ms. Martin provided a doctor's note, excusing her from work until October 4, 2022. In accordance with the collective bargaining agreement, employees are to utilize available sick time when out on approved leave. Further, it is admitted that Ms. Martin was placed on paid administrative leave between October 4 and October 18, 2022.

73. Denied as stated. In accordance with the collective bargaining

agreement, Ms. Martin was not entitled to a payout of any sick leave as she was not eligible for retirement or disability pension.

74. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied.

75. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

76. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

77. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

78. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments

of fact that require an answer, the averments are denied.

79. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied.

80 (a)–(d). The allegations of this paragraph, including its subparts, comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph, including its subparts, contains further averments of fact that require an answer, the averments are denied.

81. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied.

82. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied.

83. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

**COUNT I**

**DISABILITY DISCRIMINATION/REFUSAL TO ACCOMMODATE (ADA)**
**Dory A. Martin v. Borough of Steelton[2]**

84. Defendants incorporate by reference herein their responses to paragraphs 1–83 as though the same were set forth in full.

85–93. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

94–96. Defendants admit that Plaintiff purports to state the relief being requested and deny Plaintiff is entitled to such relief. Defendants respectfully leave all questions of law to this Court.

**WHEREFORE**, Defendants respectfully request this Honorable Court enter judgment in favor of Defendants and against Plaintiff, including attorney's fees, court costs, and any other relief the Court deems just and proper.

**COUNT II**
**DISABILITY RETALIATION (ADA)**
**Dory A. Martin v. Borough of Steelton[3]**

[2] In Count I, Plaintiff asserted claims against Borough of Steelton Council, which was dismissed from this Action pursuant to the Court's July 21, 2026, Order. (ECF No. 30).
[3] In Count II, Plaintiff asserted claims against Borough of Steelton Council, which was dismissed from this Action pursuant to the Court's July 21, 2026, Order. (ECF No. 30).

97. Defendants incorporate by reference herein their responses to paragraphs 1–96 as though the same were set forth in full.

98–101. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

102–104. Defendants admit that Plaintiff purports to state the relief being requested and deny Plaintiff is entitled to such relief. Defendants respectfully leave all questions of law to this Court.

**WHEREFORE**, Defendants respectfully request this Honorable Court enter judgment in favor of Defendants and against Plaintiff, including attorney's fees, court costs, and any other relief the Court deems just and proper.

**COUNT III**
**GENDER DISCRIMINATION (TITLE VII)**
**Dory A. Martin v. Borough of Steelton[4]**

105. Defendants incorporate by reference herein their responses to paragraphs 1–104 as though the same were set forth in full.

106. Admitted.

[4] In Count III, Plaintiff asserted claims against Borough of Steelton Council, which was dismissed from this Action pursuant to the Court's July 21, 2026, Order. (ECF No. 30).

107–108. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied.

109. Admitted in part; denied in part. It is admitted only that Ms. Martin was not paid for her accumulated sick time. The remaining allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the remaining allegations of this paragraph are denied. It is specifically denied that Ms. Martin was treated differently than similarly situated male officers separated from employment.

110–111. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

112–113. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied.

114–116. Defendants admit that Plaintiff purports to state the relief being requested and deny that Plaintiff is entitled to such relief. Defendants respectfully leave all questions of law to this Court.

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter judgment in favor of Defendants and against Plaintiff, including attorney's fees, court costs, and any other relief the Court deems just and proper.

**COUNT IV**
**DISABILITY DISCRIMINATION/REFUSAL TO ACCOMMODATE/RETALIATION (PHRA)**
**Dory A. Martin v. Chief William Shaub and Mayor Ciera Dent**

117. Defendants incorporate by reference herein their responses to paragraphs 1–116 as though the same were set forth in full.

118–121. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. In the event a response is required, the allegations of this paragraph are denied. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

122–124. Defendants admit that Plaintiff purports to state the relief being requested and deny Plaintiff is entitled to such relief. Defendants respectfully leave all questions of law to this Court.

**WHEREFORE**, Defendants respectfully request this Honorable Court enter judgment in favor of Defendants and against Plaintiff, including attorney's fees, court costs, and any other relief the Court deems just and proper.

**COUNT V**
**GENDER DISCRIMINATION (PHRA)**
**Dory A. Martin v. Chief William Shaub and Mayor Ciera Dent**

125. Defendants incorporate by reference herein their responses to paragraphs 1–124 as though the same were set forth in full.

126–129. The allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. To the extent this Paragraph contains further averments of fact that require an answer, the averments are denied.

130–132. Defendants admit that Plaintiff purports to state the relief being requested and deny Plaintiff is entitled to such relief. Defendants respectfully leave all questions of law to this Court.

**WHEREFORE**, Defendants respectfully request this Honorable Court enter judgment in favor of Defendants and against Plaintiff, including attorney's fees, court costs, and any other relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times material hereto, Defendant's actions did not violate Plaintiff's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*., the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*., or

any other rights guaranteed by the constitutions and laws of the United States or the State of Pennsylvania.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has not sustained any recoverable damages.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any damages as alleged, then such damages were not caused by any violations of Plaintiff's rights under any applicable laws of the United States or the State of Pennsylvania.

**FIFTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any damages, Plaintiff failed to mitigate his alleged damages properly.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the doctrine of the after-acquired evidence.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants' actions were not devious, improper, or unrighteous, nor done intentionally and/or with malice.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive, compensatory, or consequential damages.

**NINTH AFFIRMATIVE DEFENSE**

Defendants' actions were taken for legitimate, non-discriminatory, non-retaliatory reasons.

**TENTH AFFIRMATIVE DEFENSE**

Even if Plaintiff is able to prove that a prohibited fact motivated Defendants' alleged employment actions, which Defendants expressly deny, the same action would have been taken even absent such motivation and, therefore, Plaintiff's claims must fail.

**ELEVENTH AFFIRMATIVE DEFENSE**

Should Defendants be found liable for any damages to Plaintiff, Defendants are entitled to a set-off and/or recoupment against any amount for which Plaintiff is liable to the Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Any damages or harm allegedly suffered by Plaintiff is the result of Plaintiff's own actions, omissions and conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The standards and criteria that the Defendants used with regard to Plaintiff's employment are job-related, required by law, and consistent with business necessity.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants acted at all times reasonably and prudently, consistent with any duties and obligations imposed upon them by existing law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively assert that they engaged in good faith efforts to comply with the law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

All pertinent conduct and action taken by Defendants was done in accordance with all established and existing laws, rules, regulations, statutes, and Constitutions of the United States and the Commonwealth of Pennsylvania.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, waiver, release, discharge, and res judicata and/or collateral estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by their own acts, omissions or conduct, or by the acts, omissions or conduct of parties other than Defendants, and/or about which Defendants have no prior knowledge or control and are not legally responsible.

## NINETEENTH AFFIRMATIVE DEFENSE

Any damages to which Plaintiff may be entitled under federal and state discrimination statutes are subject to a statutory cap, and/or Plaintiff's claims for punitive damages are not permissible under the PHRA. *See Hoy v. Angelone*, 720 A.2d 745, 751 (Pa. 1998) ("[W]e hold that punitive damages are not available under the [Pennsylvania Human Relations] Act.").

## TWENTIETH AFFIRMATIVE DEFENSE

At all material times, any action taken by Defendants with respect to the terms, conditions, or privileges of Plaintiff's employment were taken for reasons other than Plaintiff's sex/gender, alleged disabilities, or any protected conduct by Plaintiff. Defendants did not discriminate or retaliate against Plaintiff in any manner or otherwise act in bad faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant Borough of Steelton are not liable for any acts of its agents and/or employees committed outside the scope of their employment and/or official duties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

No act, action, or omission of Defendants was the proximate cause or legal cause of any damage allegedly sustained by Plaintiff, and this constitutes a complete defense to the within causes of action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff was not disabled within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102, or the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to utilize Defendant Borough of Steelton's established and known policies designed to prevent unlawful discrimination or retaliation in the workplace. Plaintiff failed to report to Defendants some or all of the conduct she now alleges was unlawful.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust Plaintiff's administrative remedies.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendants exercised reasonable care to prevent or correct any discriminatory or retaliatory conduct promptly and because Plaintiff unreasonably failed to properly take advantage of, or any preventive or corrective opportunities provided by the Defendants or to avoid harm otherwise.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants exercised reasonable care to prevent and investigate claims of unlawful retaliation and to correct any behavior that was not in compliance with Defendants' anti-retaliation policies.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants treated Plaintiff in a legitimate and non-discriminatory manner at all relevant times and did not treat Plaintiff differently based upon any protected characteristic or association, including, but not limited to, disability and/or sex/gender.

**TWENTY-NINETIETH AFFIRMATIVE DEFENSE**

Defendant did not discriminate against Plaintiff in any manner, including on the basis of her sex/gender, and/or her alleged disabilities.

**THIRTIETH AFFIRMATIVE DEFENSE**

The Borough of Steelton is not an "employer" as defined by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111(5)(A), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

For purposes of Plaintiff's claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., and Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e(b), Borough of Steelton employs less than fifteen (15) persons at all relevant times.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff was not a qualified individual within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12111(8), or the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*., at the time of his termination, as she was unable to perform the essential functions of the job with or without accommodation.

Respectfully Submitted:

**SIANA LAW**



By: ______________________________

Andrew M. Rongaus, Esquire, I.D. #87423
*Attorney for Defendants, Borough of Steelton, Chief William Shaub, individually and in his official capacity; Mayor Ciera Dent, individually and in her official capacity*
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 / (F): 610.321.0505
amrongaus@sianalaw.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DORY A. MARTIN, | : | |
| Plaintiff, | : | No. 1:25-CV-02044-JKM |
| v. | : | |
| BOROUGH OF STEELTON, et al., | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this day a true and correct copy of *Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses* was served upon the following via ECF:

Bradford Dorrance, Esquire
Keefer, Wood, Allen & Rahal LLP
417 Walnut Street., 3rd Floor
Harrisburg, PA 17101

**SIANA LAW**

Date: August 4, 2026 By: ______________________

Andrew M. Rongaus, Esquire, I.D. #87423
*Attorney for Defendants*
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 (F): 610.321.0505
amrongaus@sianalaw.com